UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATRINA JENNINGS, on behalf of herself and all others similarly situated, | ) ) ) |
| PLAINTIFF, | ) ) |
| v. | ) ) Case No. 18-cv-01413 |
| TRUNKETT & TRUNKETT, P.C.; | ) ) ) |
| DEFENDANT. | ) |

### CLASS COMPLAINT

Plaintiff, Katrina Jennings, on behalf of herself and a putative class, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. §1331, and pursuant to 28 U.S.C. § 1367 as to Plaintiff's state law claims.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

### PARTIES

3. Plaintiff, Katrina Jennings, on behalf of herself and a putative class, is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted Maroon Financial Credit Union consumer credit account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

4. Defendant Trunkett & Trunkett, P.C. ("Trunkett"), is a law firm organized as an Illinois professional corporation with its principal location and registered agent located at 3936 Bordeaux Drive, Northbrook, IL 60062. (Exhibit A, Record from the Illinois Secretary of State).

5. Trunkett is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts due or asserted to be due another.

6. Trunkett regularly files collection lawsuits in Illinois on behalf of others to collect defaulted consumer debts, and is thus a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

7. According to Defendant, Plaintiff incurred a debt for goods and services used for personal and household purposes, originally for a Maroon Financial Credit Union consumer credit account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined by §1692a(5) of the FDCPA.

8. Due to her financial circumstances, Plaintiff could not pay any debts and the alleged debt went into default.

9. Trunkett was subsequently hired or otherwise retained by Maroon to assist with the collection of the alleged debt.

10. On or about October 24, 2017, Trunkett filed a complaint on behalf of Maroon against Plaintiff (the "State Action Complaint") to collect the alleged debt in the Circuit Court of Cook County, Sixth Municipal District, styled *Maroon Financial Credit Union. vs. Katrina S. Jennings*, Case No. 17-M6-011316 ("State Action"). (Exhibit B, Summons & Complaint).

11. Trunkett's State Action Complaint conveys information regarding the alleged debt directly to Plaintiff, including the purported identity of the original creditor, an account

number, and the balance that Trunkett claimed was owed on the alleged debt.

12. The State Action Complaint sought $3,762.52 plus court costs from Plaintiff.

13. The State Action Complaint purports to be verified and, pursuant to 735 Ill. Comp. Stat. 5/2-605, is signed by an attorney at Trunkett & Trunkett, P.C.

14. On or about February 3, 2018, Plaintiff was purportedly served with Trunkett's State Action Complaint.

15. The State Action Complaint conveyed various information regarding the alleged debt to Plaintiff, including the name of the original creditor, the amount allegedly due, and the party to whom the debt is currently owed.

16. The State Action Complaint is a communication as that term is defined at § 1692a(2) of the FDCPA. *Marquez v. Weinstein, Pinson & Riley, P.S.*, 836 F.3d 808, 812 (7th Cir. 2016) (Court pleadings are considered communications under the FDCPA and come under the Act).

17. The complaint filed in the State Action lists "Maroon Financial Credit Union" as the plaintiff as well as the entity to which the alleged debt is owed.

18. Although the complaint lists "Maroon Financial Credit Union" as the plaintiff, the Summons lists a different entity, "Maroon Financial C", as the plaintiff in the State Action. (Ex. B, Complaint).

19. Maroon Financial C is not an assumed name of Maroon Financial Credit Union.

20. Plaintiff does not owe money to Maroon Financial C, nor to Maroon Financial Credit Union.

21. Assuming *arguendo* that Plaintiff did owe the money sought by Defendants, he could not owe the same alleged debt to both Maroon Financial C and Maroon Financial Credit Union.

22. Defendants' communication to Plaintiff stating that Maroon Financial C is the plaintiff in the state court action, and thus the entity to which Plaintiff owes a debt, is false.

23. An unsophisticated consumer sued by Defendants would be confused when served with a summons that states Maroon Financial C as the plaintiff in the summons, while the complaint states that Maroon Financial Credit Union—a different entity altogether—is the plaintiff.

24. An unsophisticated consumer would thus be confused as to the identity of the creditor to which a debt was owed when served with the summons and complaint.

25. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

26. Trunkett served Plaintiff with a lawsuit that lists one entity as the plaintiff in the complaint, while the summons for the same case lists another entity, in violation of 15 U.S.C. § 1692e, e(2)(A), and e(10) of the FDCPA, as both entities cannot be the plaintiff, and thus both entities cannot be the creditor to which the debt is owed.

27. The State Action Complaint further alleges that:

> There are **presently due from the defendant**(s) to the plantiff the following sums:

| | |
|---|---|
| Principal: | $2,818.18 |
| Interest at .1549 from 09/14/17 as of complaint filing date: | $14.352 |
| Attorney's Fees: | $929.99 |
| TOTAL: | $3,762.52 |

(Ex. B, Complaint) (emphasis added)

28. With respect to the Attorney's Fees, the State Action Complaint alleges that "Pursuant to the agreement, defendant(s) agreed to pay reasonable attorney's fees. Plaintiff has agreed to pay its attorneys 33% of the balance collected, which agreement pursuant to 205 ILCS 305/46, is presumed prima facie reasonable."

29. In truth and in fact, attorneys' fees were not yet awarded at the time of the service of the complaint, and thus the $929.99 was not "presently due" from Plaintiff in the state court action.

30. A judicial determination is necessary prior to any fees being presently due, and no Court had made any such determination.

31. The presumption of reasonable referenced by Defendant under 205 ILCS 305/46 is *not* a judicial adjudication of fees.

32. In Illinois, where such fees are recoverable pursuant to contract, parties must still request a court order imposing such fees if they want to actually collect. *See Vill. of Franklin Park v. Aragon Mgmt., Inc.*, 298 Ill. App. 3d 774, 699 N.E.2d 1053, 1054, 232 Ill. Dec. 868 (1st Dist. 1998); *Shula v. Paul D. Lawent, J.V.D.B. & Assocs., Inc.*, No. 01 C 4883, 2002 U.S. Dist. LEXIS 24542, at *31 (N.D. Ill. Dec. 20, 2002).

33. Defendant circumvents the Court's review by claiming attorneys' fees as presently due in a complaint verified pursuant to sec. 1-109 of the Illinois Code of Civil Procedure.

34. Notably, Defendant did not take similar liberties with court costs, which it also sought in the state action, but properly included in its prayer for relief rather than "presently due."

35. Defendant's attempt to collect attorneys' fees as already being due, before such fees were awarded by any court, violates the FDCPA.

36. Upon information and belief, Trunkett's client had not paid Trunkett any attorney fees at the time the information in the State Action Complaint was communicated to Plaintiff.

37. In the State Action, Trunkett would have been paid attorney fees only if attorney fees were awarded to its client, and thereafter recovered from Plaintiff, as Trunkett is retained on contingency by Maroon Financial Credit Union.

38. No attorney fees were due and owing from Plaintiff at the time the information in the State Action Complaint was communicated to Plaintiff, when she was served with a copy of the same.

39. In fact, as of the date of this complaint, attorneys' fees are still not owed to Trunkett's client since attorneys' fees have been neither incurred, nor awarded by the Circuit Court of Cook County, in the State Action.

40. Trunkett had neither a contractual, nor a statutory, right to attorneys' fees from as presentkly due, when they communicated that fact to Plaintiff in its verified state action complaint.

41. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (2) The false representation of—**
>
> **(A) the character, amount, or legal status of any debt. . .**
>
> **. . . (5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . .**
>
> **. . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

42. Trunkett misrepresented the amount and status of an alleged debt, in violation of 15 U.S.C. § 1692e(5), when it stated that attorneys' fees were presently due prior to their being awarded by any court.

43. 15 U.S.C. § 1692f provides:

> **Unfair Practices**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. . . .**

44. Trunkett attempted to collect an amount not expressly authorized by any agreement, in violation of 15 U.S.C. § 1692f(1), when it unilaterally added attorneys' fees to the balance of an alleged debt prior to their being awarded by any Court.

45. Trunkett's complaint included a "Notice," which stated in relevant part:

> … If you notify us in writing within thirty (30) days after receipt of this notice that the debt referred to in the attached communication, or any portion thereof, is disputed, we will obtain verification of the debt or **a copy of the judgment**

> **against you** and a copy of such verification or judgment will be sent to you by us….

(Ex. B, Complaint) (emphasis added)

46. In truth and in fact, there was no judgment against Plaintiff the state court action.

47. Trunkett's statement that they would obtain "a copy of the judgment against you" was a false statement meant to coerce Plaintiff and the unsophisticated consumer into not contesting the lawsuit, since there was already a judgment and the case was already lost.

48. The use of any false statements in connection with the attempt to collect a debt is prohibited by the FDCPA.

49. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

50. Trunkett made a false statement in connection with the attempt to collect a debt, in violation 15 U.S.C. § 1692e(10), when it stated that there was a judgment against Plaintiff in the state court action.

51. Plaintiff was damaged as a direct and proximate result of Defendants' conduct in the State Action, in that she incurred financial loss, and suffered, *inter alia*, emotional distress, lost time, worry, embarrassment, aggravation, restlessness, depression, nervousness, and inconvenience.

52. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. *See Gammon v. GC Services, Ltd. Partnership*, 27 F.3d

1254, 1257 (7th Cir. 1994).

## CLASS ALLEGATIONS

53. Plaintiff, Katrina Jennings, brings this action individually and as a class on behalf of (1) all persons similarly situated in the State of Illinois (2) from whom Defendant attempted to collect an alleged debt (3) by filing a complaint in state court similar to that of Exhibit B, which (4) states that attorneys fees are presently due, or (5) which references "the judgment" against the state court defendant (6) filed one year prior or 20 days after the filing of this Complaint..

54. Trunkett regularly engages in debt collection, including attempting to collect debt via the mails, in its regular course of business.

55. As Trunkett files many similar complaints on behalf of credit unions in Illinois, the Class likely consists of more than 40 persons from whom Defendant attempted to collect a debt using a Complaint similar to Exhibit B.

56. Plaintiff Jennings' claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

57. The prosecution of separate actions by individual members of the Class would create a risk inconsistent or varying adjudications with respect to individual members of the Class would, and would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.

58. Plaintiff Jennings will fairly and adequately protect and represent the interests of

the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Jennings has retained counsel experienced in class action litigation including class actions brought under the FDCPA.

## COUNT I—FAIR DEBT COLLECTION PRACTICES ACT

59. Plaintiff re-alleges and incorporates the previous paragraphs into this Count.

60. Trunkett violated section 1692e, e(2)(A), and e(10) of the FDCPA by serving Plaintiff with a lawsuit that lists one entity as the plaintiff in the complaint, while the summons for the same case lists another entity, as both entities cannot be the plaintiff, and thus both entities cannot be the creditor to which the debt is owed.

61. Trunkett misrepresented the amount and status of an alleged debt, in violation of 15 U.S.C. § 1692e(5), when it stated that attorneys' fees were presently due prior to their being awarded by any court.

62. Trunkett attempted to collect an amount not expressly authorized by any agreement, in violation of 15 U.S.C. § 1692f(1), when it unilaterally added attorneys' fees to the balance of an alleged debt prior to their being awarded by any Court.

63. Trunkett made a false statement in connection with the attempt to collect a debt, in violation 15 U.S.C. § 1692e(10), when it stated that there was a judgment against Plaintiff in the state court action

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and against Defendant as follows:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    B. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    C. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

    D. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Celetha Chatman<br>Celetha Chatman

Michael Wood
Celetha Chatman
Holly McCurdy
Sarah Barnes
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com