UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KATRINA JENNINGS, on behalf of herself and all others similarly situated, | ) ) ) | |
| PLAINTIFF, | ) ) | |
| v. | ) ) | Case No. 18-cv-01413 |
| TRUNKETT & TRUNKETT, P.C.; | ) ) | Hon. Ruben Castillo |
| DEFENDANT. | ) | Magistrate Judge Sidney I. Schenkier |

## INITIAL STATUS REPORT

1. **Nature of The Case**

    A. The names and contact information for all attorneys of record are:

    For Plaintiff
    Celetha Chatman
    Michael J. Wood
    *Community Lawyers Group, Ltd.*
    73 W. Monroe, Suite 502
    Chicago, IL 60603
    Tel:  312-757-1880
    Fax: 312-265-3227
    Email:cchatman@communitylawyersgroup.com
    Email:mwood@communitylawyersgroup.com

    For Defendant
    James J. Sipchen
    Thomas V.P. Draths
    *Pretzel & Stouffer, Chartered*
    One S. Wacker Drive, Suite 2500
    Chicago, Illinois
    Tel: 312-578-7422
    Fax: 312-346-1973
    jsipchen@pretzel-stouffer.com
    tdraths@pretzel-stouffer.com

    B. Nature of the Claims:

  i. Trunkett is alleged to have violated section 1692e, e(2)(A), and e(10) of the FDCPA by serving Plaintiff with a lawsuit that lists one entity as the plaintiff in the complaint, while the summons for the same case lists another entity, as both entities cannot be the plaintiff, and thus both entities cannot be the creditor to which the debt is owed.

  ii. Trunkett is alleged to have misrepresented the amount and status of an alleged debt, in violation of 15 U.S.C. § 1692e(5), when it stated that attorneys' fees were presently due prior to their being awarded by any court.

  iii. Trunkett is alleged to have attempted to collect an amount not expressly authorized by any agreement, in violation of 15 U.S.C. § 1692f(1), when it unilaterally added attorneys' fees to the balance of an alleged debt prior to their being awarded by any Court.

  iv. Trunkett is alleged to have made a false statement in connection with the attempt to collect a debt, in violation 15 U.S.C. § 1692e(10), when it stated that there was a judgment against Plaintiff in the state court action.

  v. Trunkett denies that it violated the FDCPA or that class certification would be proper.

C.  Major Legal & Factual Issues:

  i. For the Plaintiff: Whether Plaintiff is a consumer; whether Defendant is a debt collector as defined by the FDCPA; whether

     Defendant's communications violated the FDCPA; whether the alleged debt is a consumer debt.

   ii. For the Defendant: Whether the Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine; whether plaintiff's claims are barred by *res judicata*; whether plaintiff has stated a claim under FDCPA; whether Defendant is liable under the FDCPA or a class can be certified.

 D. Plaintiff seeks Under the FDCPA

   i. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

   ii. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

   iii. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

   iv. Such other or further relief as the Court deems proper.

 E. Jurisdiction

   v. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331. Defendant disputes jurisdiction.

2. Status of Service: All Parties Have Been Served

3. Motions: Defendant's Motions to: (1) Dismiss and (2) Defer Responsive Pleading Deadline and Reset Time to Serve Mandatory Initial Discovery Responses ("Motion to Defer")_ are currently pending before the court.

4. Discovery Plan.

Defendant has requested that its answer date and MIDP discovery responses be deferred, which plaintiff opposes. In the event Defendant's Motion to Defer is denied:

 A. MIDP Responses will be due May 30, 2018

    B. Written Discovery to be issued by June 29, 2018;

    C. Fact discovery to be completed by November 23, 2018;

    D. Parties do not anticipate any issues about the disclosure or discovery of electronically stored information (ESI).

    E. The parties do not anticipate the need for expert testimony at this time.

5. Consent to Proceed Before a United States Magistrate Judge

    A. The Parties do not unanimously consent to proceed before the magistrate judge on all matters

6. Status of Settlement Discussions:

    A. Plaintiff has not made a class demand.

    B. Parties do not request a settlement conference at this time.

| Counsel for Plaintiff | Counsel for Defendant |
|---|---|
| s/*Celetha Chatman* | s/ *James Sipchen* |
| Celetha Chatman | James J. Sipchen |
| Michael Wood | Thomas V.P. Draths |
| Community Lawyers Group Ltd. | *Pretzel & Stouffer, Chartered* |
| 73 W. Monroe Street, Suite 502 | One S. Wacker Drive, Suite 2500 |
| Chicago, IL 60603 | Chicago, Illinois |
| Ph: (312)757-1880 | jsipchen@pretzel-stouffer.com |
| Fx: (312)476-1362 | tdraths@pretzel-stouffer.com |
| cchatman@communitylawyersgroup.com | *Attorneys for Defendants* |
| mwood@communitylawyersgroup.com | |
| *Attorneys for Plaintiff* | |

## **CERTIFICATE OF SERVICE**

I, Celetha Chatman, an attorney, hereby certify that on May 7, 2018, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all attorneys of record.

**Dated: May 7, 2018**                                                                                      Respectfully submitted,

                                                                                       By:    /s/ *Celetha Chatman*
                                                                                       One of Plaintiff's Attorneys