UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATRINA JENNINGS, individually and on behalf of all others similarly situated, <br><br>PLAINTIFF, <br><br>v. <br><br>TRUNKETT &TRUNKETT, P.C.; <br><br>DEFENDANT. | Case No. 18-cv-01413 <br><br>Hon. Ruben Castillo <br><br>Magistrate Judge Sidney I. Schenkier |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

NOW COMES Plaintiff, Katrina Jennings, by and through her attorneys, Community Lawyers Group, Ltd., and for her Response to Defendant's Motion to Dismiss, states as follows:

**INTRODUCTION**

Defendant Turnkett & Turnkett, P.C. ("Turnkett") seeks to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(1),12(b)(6), and 12(g), claiming that Plaintiff's cause of action is barred by *res Judicata*; and that this Court lacks subject matter jurisdiction under the Rooker-Feldman doctrine. Defendant also asserts that each claim for violation of §§1692e and §§1692f of the FDCPA fail to state a cause of action.

However, as will be shown, Plaintiff's claim is not barred by *res judicata*. Further, this court does have subject matter jurisdiction because the Rooker-Feldman doctrine does not apply. Moreover, Plaintiffs has satisfied the prerequisites to move forward with all claims.

**STANDARD OF REVIEW**

A Rule 12(b)(6) motion tests the sufficiency of the complaint, not the merits of the case, see, *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court reviews all facts alleged in the complaint and

any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.,* 205 F.3d 323, 326 (7th Cir. 2000); *Capitol Leasing Co. v. FDIC,* 999 F.2d 188, 191 (7th Cir. 1993). Documents which are referred to in a complaint and are central to a claim, as well as any matters of public record, may be considered on a motion to dismiss. *See Albany Bank & Trust Co. v. Exxon Mobil Corp.,* 310 F.3d 969, 971 (7th Cir. 2002); *Henson v. CSC Credit Servs.,* 29 F.3d 280, 284 (7th Cir. 1994). To survive a motion to dismiss, a complaint must contain sufficient facts to state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

Dismissal is warranted only if the allegations are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007). The complaint must: "(1) describe[] the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggest[] that the plaintiff has a right to relief above a speculative level." *Bravo v. Midland Credit Mgmt., Inc.*, 812 F. 3d 599, 601–02 (7th Cir. 2016) (citing *Bell Atlantic Corp.*, 550 U.S. at 555; 127 S. Ct. 1955).

The FDCPA "is a strict liability statute, and debt collectors whose conduct falls short of its requirements are liable irrespective of their intentions." *Ruth v. Triumph P'ships*, 577 F.3d 790, 805 (7th Cir. 2009). Generally, a determination of whether a statement is false, deceptive or misleading, like a determination as to whether a statement is confusing under the FDCPA, is a fact-bound determination of how an unsophisticated consumer would perceive the statement. *McMillan v. Collection Professionals Inc.,* 455 F.3d 754, 759 (7th Cir. 2006). In determining whether a statement is confusing or misleading, a district court must "tread carefully" because "district judges are not good proxies for the `unsophisticated consumer' whose interest the statute

protects." *Marquez v. Weinstein, Pinson, Riley, P.S. et al*, No. 15-3273, – F.3d –, 2016 WL 4651403 (7th Cir. Sept. 7, 2016) (citing *McMillan v. Collection Professionals Inc.,* 455 F.3d 754, 759 (7th Cir. 2006).

## ARGUMENT

### I. Rooker-Feldman Doctrine Does not Apply in This Scenario, Thus This Court Does Have Subject Matter Jurisdiction.

The case law regarding abstention and comity clearly does not support the dismissal of the cause of action at issue in this case. The United States Supreme Court applied the *Rooker-Feldman* doctrine very narrowly, and has held that it is confined to "[c]ases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005). This case does not fit within the rigid confines of the *Rooker-Feldman* doctrine because Plaintiff seeks relief based on an independent claim.

If there is a state court judgment before the federal action is instituted, the federal court lacks jurisdiction if the federal action attacks the state judgment. The standard from *Exxon Mobil Corp. v. Arabia, Inc.*, was that there was no jurisdiction if the issues in the federal action were "inextricably intertwined" with the decision of the state court. 544 U.S. 280 (2005); *see Lavender v. Wolpoff & Abramson, LLP.*, CASE NO, 2008 WL 695399 (W.D. Mo. Mar. 12, 2008) (FDCPA claims challenging merits of and basis for arbitration awards were inextricably intertwined with the awards and state court judgments). However, the jurisdictional statute on which the *Rooker-Feldman* doctrine is based does not

> stop a district court from exercising subject-matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court. If a federal plaintiff 'present[s] some independent claim, albeit one that

> denies a legal conclusion that a state has reached in a case to which he was a party . . . ,' then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion.

*Exxon Mobil Corp.*, 544 U.S. at 293 (internal citations omitted); *see also Long v. Shorebank Dev. Corp.*, 182 F.3d 548 (7th Cir. 1999) ("[t]he counts in Long's complaint alleging violations of the FDCPA are independent from the eviction order and, therefore, *Rooker-Feldman* doctrine does not apply these claims"; Long could not have raised his FDCPA claim in the state court eviction action); *Smith v. Kramer & Frank, P.C.*, 2009 WL 4725285, at *3 (E.D. Mo. May 31, 2007) ("Instead, Plaintiff asserts as legal wrongs the allegedly illegal conduct by an adverse party, that is Kramer & Frank, in the manner and method by which it sought and executed the Green County Judgment as part of its debt collection practice"); *Anderson v. Gamache & Myers, P.C.*, 2007 WL 1577610, at *6 (E.D. Mo. May 31, 2007) ("Plaintiff does not challenge the validity of the State court's judgment; rather, Plaintiff's claim exclusively addresses Worldwide Asset's conduct in attempting to collect a debt in violation of the FDCPA . . ."); *Buford v. Palisades Collection*, LLC, 552 F.Supp.2d 800, 808 (N.D. Ill. 2008) ("Count I of the Amended Complaint, the FDCPA claim, does not seek to have the state court judgments vacated. Rather, it seeks statutory and actual damages for the class for Defendants' alleged violation of the FDCPA's prohibition on using unfair or unconscionable means to collect or attempt to collect a debt. Therefore, Plaintiffs' FDCPA claim is not barred by *res judicata* because it constitutes a separate transaction from the state court debt collection lawsuits.").

An FDCPA claim should qualify as an "independent claim" if the FDCPA claim was not raised in the state court proceeding. Debt collector misconduct *before and after* judgment is actionable, if the complaint is not attacking the prior judgment. *See, e.g.*, *Mueller v. Barton*, No. 4:13–CV–2523 CAS, 2014 WL 45460601 (E.D. Mo. Sept. 12, 2014).

In *McDermott v. Barton*, the court found that *Rooker-Feldman* did not apply to prejudgment and post-judgment FDCPA claims:

> Here, it is undisputed that McDermott was the loser in state court, and a default judgment was entered against him. In his federal lawsuit, however, McDermott is not attacking the validity of the default judgment or alleging an injury caused by the judgment. Instead, he is contesting the *method and manner* in which Barton obtained and enforced the judgment. Specifically, McDermott alleges that *Barton* made false representations and used deceptive means to obtain and enforce the default judgment, which violated McDermott's right under the FDCPA to be free from the unscrupulous antics of debt collectors. The *Rooker-Feldman* doctrine 'does not bar a federal suit that seeks damages for a fraud that resulted in a judgment adverse to the plaintiff.'

No. 14-CV-704-NJR-PMF, 2014 WL 6704544, at *4 (S.D. Ill. Nov. 26, 2014) (internal citations omitted); *see also Harrington v. DH Capital Mgmt., Inc.*, No. 3:14CV-627-JHM, 2014 WL 5776203 (W.D. Ky. Nov. 5, 2014) (consumer complained of alleged misconduct in procuring the judgment, not the judgment itself); *Woltring v. Specialized Loan Servicing, LLC.*, No. 14-CV-222, 2014 WL 2708581 (E.D. Wis. June 16 2014) (where Plaintiff's FDCPA claims are distinct from those resolved in the state foreclosure action, the *Rooker-Feldman* doctrine does not deprive the court of jurisdiction to hear the plaintiff's FDCPA claim).

Similarly, in the current case, Plaintiff has clearly raised a separate FDCPA claim from the state action. Here, Plaintiff claims Defendant Trunkett violated section 1692e, e(2)(A), and e(10) of the FDCPA by serving Plaintiff with a lawsuit that lists one entity as the plaintiff in the complaint, while the summons for the same case lists another entity, as both entities cannot be the plaintiff, and thus both entities cannot be the creditor to which the debt is owed. Defendant has mischaracterized Plaintiff's claims in an attempt to fit them within the narrow *Rooker-Feldman* doctrine. Most significantly, Defendant has distorted Plaintiff's legal claims in this case by incorrectly stating that Plaintiff's lawsuit is "nothing more than an impermissible

collateral attack on a prior judgment" from a state court collection proceeding (Motion, Dkt. #13, p. 2).

In actuality, Plaintiff's complaint seeks relief on a completely different and independent basis. Rather than requesting relief from an injury caused by a state court ruling, Plaintiff seeks relief from Defendant's independent acts in violation of the FDCPA that happened before the judgement. Debt collector misconduct *before and after* judgment is actionable, if the complaint is not attacking the prior judgment. *See, e.g.*, *Mueller v. Barton*, No. 4:13–CV–2523 CAS, 2014 WL 45460601 (E.D. Mo. Sept. 12, 2014); also see *McDermott v. Barton* No. 14-CV-704-NJR-PMF, 2014 WL 6704544, at *4 (S.D. Ill. Nov. 26, 2014). None of Plaintiff's claim relate to any judgment.

Plaintiff was not required to bring her FDCPA claim in the state court action, and the specific language of the Plaintiff's requested relief clearly indicates that Plaintiff is pursuing this case on a completely independent basis than the previously rendered state court order, and therefore, the *Rooker-Feldman* doctrine should not apply. (Complaint, Dkt. #1, ¶¶ 32-33). According to the Supreme Court, "[w]hen there is parallel state and federal litigation, *Rooker-Feldman* is not triggered simply by the entry of judgment in state court." *Exxon Mobil Corp.*, 544 U.S. at 292. Thus, just because the Illinois state court entered a judgment on issues related to this case does not mean that this Court is stripped of its subject matter jurisdiction to hear an independent matter. If this Court grants Defendant's Motion to Dismiss, Plaintiff would be deprived of her rights arising under the FDCPA. Respectfully, Defendant's Motion to Dismiss should be denied.

In addition, Trunkett misrepresented the amount and status of an alleged debt, in violation of 15 U.S.C. § 1692e(5), when it stated that attorneys' fees were presently due prior to their being

awarded by any court. Accordingly, Trunkets case law is misplaced as §§1692e(5) only requires the threat to occur, which Trunett has clearly down without the legal authorization. A recent case from this district has a very close fact pattern. In *Oberg v. Blatt*, 2015 WL 9478213 (N.D. Ill. Dec. 29, 2015), plaintiff brought suit alleging defendant violated §§ 1692e and 1692f when it misrepresented the value of plaintiff's debt during a phone call she made to inquire about it. *Id.* at *1. Defendant had filed suit against plaintiff in state court to collect an outstanding debt. *Id.* Several weeks later, plaintiff called defendant to ask about the debt and during the call one of defendant's agents represented to plaintiff that she had a balance of $12,771.63, that a lawsuit was filed on the account, and that the balance "does include the court fee of $307.00." *Id.* In her second amended complaint, plaintiff alleged this constituted both a misrepresentation of the value of her debt, and an unconscionable means of collection in violation of the FDCPA. *Id.*

Defendant characterized the communication as a "settlement negotiation" and argued it was not unlawful to tell a debtor during settlement negotiations that the debt "includes the costs defendant incurred to collect the debt," especially where state law permits a successful plaintiff to recover costs and fees, and the debt collector correctly calculated the amount of fees and accurately reported them to the consumer. *Id.* at *5.

The Court rejected defendant's argument and granted plaintiff's motion for summary judgment as to liability on her claims under §§ 1692e and 1692f. *Id.* at *6. Judge Kennelly explained that the question in the case was not "whether [defendant] actually incurred $307 in costs associated with the state court collection action… The question is whether, by the way [defendant] communicated its interest in recovering these costs from Oberg, it gave the impression to an unsophisticated consumer that she was legally obligated to pay the additional $307." *Id.* The court held that by telling plaintiff the balance included court costs, defendant represented to her

that she was obligated to repay both her debt and defendant's court costs. *Id.* In fact, she was not required to pay the fee as no judgment had been entered and there was no judicial order directing her to pay defendant's costs. *Id.* The court stated that plaintiff, "as a reasonable, unsophisticated consumer," would not have reason to know that she was *not* required to pay the added fee when defendant's representative had indicated otherwise. *Id.* (emphasis added). At the time of decision in *Oberg*, no judgment was entered in defendant's state court action. *Id.*

Similar to *Oberg*, here, Plaintiff has alleged that Defendant filed a state collection lawsuit against him and Defendant attempted to collect an amount not expressly authorized by any agreement, in violation of 15 U.S.C. § 1692f(1), when it unilaterally added attorneys' fees to the balance of an alleged debt prior to their being awarded by any Court.. At the time of the communication, Defendant had not yet obtained a judgment against Plaintiff and thus was <u>not</u> entitled to an award of anything. Defendant's misrepresentation to Plaintiff at that point in time was therefore a false, deceptive, and misleading representation made in connection with the collection of a debt, as well as an unfair and unconscionable means to attempt to collect a debt, in violation of §§ 1692e and 1692f of the FDCPA. Lastly, Plaintiff's claims are independent actions under the *Rooker-Feldman* doctrine.

## II. Plaintiff Has Stated A Claim Under §§1692e(2)(A) and 1692e(10

On or about February 3, 2018, Plaintiff was purportedly served with Trunkett's State Action Complaint. (Compl. ¶¶14). The Complaint filed listed "Maroon Financial Credit Union" as the Plaintiff. (Compl. ¶¶17). However, the summons lists a completely different entity, "Maroon Financial C". (Compl. ¶¶18). It is clear that Defendant failed to correctly identify the creditor to whom Mrs. Jennings owed the requested payment and thus that the collection attempts contained a false statement. It is a violation of the FDCPA to use language that may

confuse consumers about the legal status of their debt. See *McMahon v. LVNV Funding, LLC*, 744 F.3d at 1020(7th Cir.2014) (determining that the FDCPA prohibits misrepresentation of the character or legal status of debt and that misrepresenting the legal enforceability of debt is also prohibited because it is a central fact of the character and legal status of debt).

Maroon Financial C is not an assumed name of Maroon Financial Credit Union. Defendants' communication to Plaintiff stating that Maroon Financial C is the plaintiff in the state court action, and thus the entity to which Plaintiff owes a debt, is false. "A debt collector's letter may be so clearly confusing on its face that a court may award summary judgment to the plaintiff on that basis." *McKinney v. Cadleway Props., Inc.*, 548 F.3d 496, 503 (7th Cir. 2008) (citing Durkin, 406 F.3d at 415); accord *Bode v. Encore Receivable Mgmt., Inc.*, No. 05-CV-1013, 2007 WL 2493898, at *4 (E.D. Wis. Aug. 30, 2007) ("The FDCPA can create liability for a statement naming the creditor which on its face violates the Act because it is plainly confusing, even in the absence of extrinsic evidence. … Accordingly, the failure to name the correct creditor could create liability because the collection letter could be so obviously false, deceptive, confusing, or misleading that extrinsic evidence is unnecessary to prove a violation.") (citing *Chuway v. Nat'l Action Fin. Servs.*, 362 F.3d 944, 948 (7th Cir. 2004)). An unsophisticated consumer sued by Defendants would be confused when served with a summons that states Maroon Financial C as the plaintiff in the summons, while the complaint states that Maroon Financial Credit Union—a different entity altogether—is the plaintiff.

Moreover, as other courts have recognized, the identity of the creditor is material information to a consumer. See *Walls v. United Collection Bureau, Inc., No*. 11 C 6026, 2012 WL 1755751, at *2 (N.D. Ill. May 16, 2012) (rejecting the contention that misidentification of the creditor is "immaterial information" because "it could cause an unsophisticated consumer to

be concerned about the possibility of being defrauded or about paying the incorrect creditor and continuing to have outstanding debt"). Because the inconsistent name in the collection attempts sent by Trunkett containing the wrong name of the creditor was at this stage clearly false, confusing, and misleading, Ms. Jennings has clearly stated a claim and is not required to present extrinsic evidence at this time.

### III. Plaintiff Has Stated A Claim Under §§1692e(5)

To violate § 1692e(5). Defendant "must have threatened to take action which [it was] in fact prohibited by law from taking." *Poirer v. Alco Collections*, 107 F. 3d, 347, 349 (5th Cir,1997). A debt collector may be liable for violating §1692e(5) if it adds an unauthorized collection fee to the amount of debt owed. *Newman v. Checkrite Cal., Inc*., 912 F. Supp. 1354 (E.D. Cal. 1995). In *Fick v. American Acceptance Compan, LLC, and Bowman, Heintz, Boscia & Vician, P.C.,* 2012 WL 1074288 (US Dist, N.D., In, 2012*)*. the court ruled defendant violated the FDCPA and noted, "[b]y its plain language, Section 1692e(5) does not prohibit the taking of an action that cannot legally be taken. It only prohibits the 'threat to take any action that cannot legally be taken or that is not intended to be taken.' " *Flick*, 2012 WL 1074288, at *4 (quoting 15 U.S.C. § 1692e(5) (2012)).

Similarly, in the current case, Trunkett misrepresented the amount and status of an alleged debt, in violation of 15 U.S.C. § 1692e(5), when it stated that attorneys' fees were presently due prior to their being awarded by any court. Accordingly, Trunkets case law is misplaced as §§1692e(5) only requires the threat to occur, which Trunett has clearly down without the legal authorization.

## **CONCLUSION**

For the reasons stated, Defendant's motion to dismiss should be denied and for any other relief deemed necessary by this Court. In the alternative, Plaintiff respectfully requests an opportunity to amend her Complaint accordingly.

Respectfully Submitted,

By: s/*Celetha Chatman*
One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 265-3227
mwood@communitylawyersgroup.com
cchatman@communitylawyersgroup.com

## CERTIFICATE OF SERVICE

I, Celetha C. Chatman, an attorney, hereby certify that on June 19, 2018, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all attorneys of record.

**Dated: June 19, 2018**　　　　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　By:　/s/ *Celetha C. Chatman*