UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATRINA JENNINGS, individually and on behalf of a class of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>TRUNKETT & TRUNKETT, P.C.,<br><br>Defendant. | No. 18 C 1413<br><br>Chief Judge Rubén Castillo |

## MEMORANDUM OPINION AND ORDER

Katrina Jennings ("Plaintiff") brings this putative class action alleging that the law firm of Trunkett & Trunkett ("Defendant") violated multiple provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, in connection with its efforts to collect a debt from her. (R. 1, Compl.) Presently before the Court is Defendant's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (R. 13, Mot.) For the reasons set forth below, Defendant's motion is granted.

## BACKGROUND

Plaintiff is a resident of Illinois and a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692(a)(3). (R. 1, Compl. ¶ 3.) Defendant is an Illinois law firm and a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692(a)(6). (*Id.* ¶¶ 4-6.) Plaintiff incurred a "debt" within the meaning of the FDCPA on a credit account issued by Maroon Financial Credit Union. (*Id.* ¶¶ 7-8.) She subsequently defaulted on this debt. (*Id.* ¶ 8.)

In October 2017, Defendant filed a lawsuit against Plaintiff on behalf of Maroon Financial Credit Union in the Circuit Court of Cook County, Illinois, to collect the debt. (*Id.*

¶¶ 10-13.) In early February 2018, Plaintiff was served with a copy of the complaint filed in the state court action and a summons to appear in state court on February 21, 2018. (*Id.* ¶¶ 14-15, Ex. B at 4.) The state court complaint alleged that principal, interest, and attorneys' fees were "presently due" to Maroon Financial Credit Union. (*Id.* ¶¶ 12, 27.) On February 21, 2018, the Circuit Court of Cook County entered a default judgment against Plaintiff in the amount of $3,182.53 plus costs. (R. 13, Mot., Ex. B.)[1]

Two days after the judgment was entered, Plaintiff filed the present lawsuit, alleging that Defendant violated several provisions of the FDCPA in connection with the state court action. (R. 1, Compl.) Specifically, Plaintiff alleges that Defendant violated §§ 1692e, e(2), and e(10) because the state court complaint listed the plaintiff as "Maroon Financial Credit Union," while the summons listed the plaintiff as "Maroon Financial C." (*Id.* ¶¶ 17-26, 60.) Plaintiff contends that "both entities cannot be the plaintiff, and thus both entities cannot be the creditor to which the debt is owed." (*Id.*) Next, Plaintiff alleges that Defendant violated §§ 1692e(5) and 1692f(1) when it alleged in the state court complaint that attorneys' fees were "presently due," because Defendant "had neither a contractual, nor a statutory, right to attorneys' fees[.]" (*Id.* ¶¶ 29-44, 61-62.) According to Plaintiff, Defendant "misrepresented the amount and status of an alleged

---

[1] Although Plaintiff's complaint makes no mention of the default judgment entered against her in state court, a copy of the judgment has been submitted by Defendant. (R. 13, Mot., Ex. B.) In evaluating a Rule 12(b)(1) motion, this Court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009) (citation omitted). Additionally, in evaluating a Rule 12(b)(6) motion, the Court can consider "documents that are critical to the complaint and referred to in it," as well as matters that are subject to judicial notice. *Tobey v. Chibucos*, 890 F.3d 634, 648 (7th Cir. 2018). The Court therefore takes judicial notice of the judgment entered in the state case. *See id*; *see also In the Matter of Lisse*, No. 18-1866, 2018 WL 4655838, at *1 (7th Cir. Sept. 28, 2018) (observing that "orders entered by a state court, . . . are public records and appropriate subjects of judicial notice"). Defendant has also submitted the state court complaint (R. 13, Mot., Ex. A), which is referred to and quoted from throughout Plaintiff's complaint. (*See* R. 1, Compl. ¶¶ 10-13, 15, 18, 27-28.) The loan agreement, which is attached as an exhibit to the state court complaint (*Id.*, Ex. A), is considered part of that pleading "for all purposes." FED. R. CIV. P. 10(c).

debt" and "attempted to collect an amount not expressly authorized by any agreement." (*Id.* ¶¶ 61-62.) Finally, Plaintiff claims that Defendant made a false statement in violation of § 1692e(10) when it attached a "notice" to the state court complaint advising her that if she contested the debt within 30 days, Defendant would "obtain verification of the debt or a copy of the judgment against you" and provide such documentation to Plaintiff. (*Id.* ¶ 45.) Plaintiff argues that this was a false statement because it implied that "there was already a judgment [against Plaintiff] and the case was already lost." (*Id.* ¶ 47.) Plaintiff further asserts that she "was damaged as a direct and proximate result of Defendant's conduct in the State Action, in that she incurred financial loss, and suffered . . . emotional distress, lost time, worry, embarrassment, aggravation, restlessness, depression, nervousness, and inconvenience." (*Id.* ¶ 51.)

In April 2018, Defendant filed the present motion seeking to dismiss the action in its entirety. (R. 13, Mot.) Defendant first argues that the *Rooker-Feldman* doctrine deprives this Court of jurisdiction over Plaintiff's FDCPA claims.[2] (*Id.* at 6-8.) Defendant relatedly argues that Plaintiff's claims are barred by *res judicata*. (*Id.* at 9-11.) Defendant alternatively argues that Plaintiff has failed to state a claim for relief under the FDCPA. (*Id.* at 11-16.) Plaintiff responded to Defendant's motion to dismiss, (R. 27, Resp.), and Defendant replied, (R. 28, Reply).

## LEGAL STANDARD

Subject-matter jurisdiction is a court's "power to decide the claim before it[.]" *Lightfoot v. Cendant Mortg. Corp.*, 137 S. Ct. 553, 562 (2017). "The party asserting federal jurisdiction bears the burden of demonstrating its existence." *Farnik v. F.D.I.C.*, 707 F.3d 717, 721 (7th Cir.

---

[2] The *Rooker-Feldman* doctrine derives from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), which "hold that the Supreme Court of the United States is the only federal court that may review judgments entered by state courts in civil litigation." *Harold v. Steel*, 773 F.3d 884, 885 (7th Cir. 2014).

3

2013). A motion to dismiss under Rule 12(b)(1) allows the moving party to dispute the existence of the Court's subject-matter jurisdiction. FED. R. CIV. P. 12(b)(1). In evaluating a challenge to subject-matter jurisdiction under Rule 12(b)(1), the Court must first determine whether a facial challenge or a factual challenge has been raised. *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015); *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009). "Facial challenges require only that the court look to the complaint and see if the plaintiff has sufficiently *alleged* a basis of subject-matter jurisdiction." *Apex*, 572 F.3d at 443 (emphasis in original). A court evaluating a facial challenge must accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences from those allegations in the plaintiff's favor. *Bultasa Buddhist Temple of Chi. v. Nielsen*, 878 F.3d 570, 573 (7th Cir. 2017).

"In contrast, a factual challenge lies where the complaint is formally sufficient but the contention is that there is *in fact* no subject-matter jurisdiction." *Apex Digital*, 572 F.3d at 443 (citation and internal quotation marks omitted). In a factual challenge, "no presumptive truthfulness attaches to plaintiff's allegations," and the Court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* at 444 (citation omitted). The Court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Id.* (citation and internal quotation marks omitted); *see also Ciarpaglini v. Norwood*, 817 F.3d 541, 543 (7th Cir. 2016) (citing same standard).

"A motion to dismiss pursuant to Rule 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Firestone Fin. Corp. v. Meyer*, 796 F.3d 822, 825 (7th Cir. 2015) (citation and alternation omitted); *see also* FED. R. CIV. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain

4

sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. v. Twombly*, 550 U.S. 554, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences from those allegations in the plaintiff's favor. *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 365 (7th Cir. 2018). "A motion under Rule 12(b)(6) can be based only on the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Tobey v. Chibucos*, 890 F.3d 634, 648 (7th Cir. 2018) (citation omitted).

## ANALYSIS

### I.  *Rooker-Feldman*

Defendant first contends that this Court lacks subject-matter jurisdiction because Plaintiff is asking this Court to "undo" the default judgment entered against her in the state court action, and, therefore, her complaint is barred by the *Rooker-Feldman* doctrine. (R. 13, Mot. at 5-7.) Plaintiff responds that *Rooker-Feldman* does not bar her claims because she is not seeking to disturb the state-court judgment and instead "seeks relief on a completely different and independent basis than the previously rendered state court order[.]" (R. 27, Resp. at 6.)

"The *Rooker-Feldman* doctrine prevents lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced." *Mains v. Citibank, N.A.*, 852 F.3d 669, 675 (7th Cir. 2017). That is because "no matter how wrong a state court judgment may be under federal law, only the Supreme Court of the United States has jurisdiction to review it." *Jakupovic v. Curran*,

5

850 F.3d 898, 902 (7th Cir. 2017) (citation omitted); *see also Kelley v. Med-1 Sols., LLC*, 548 F.3d 600, 603 (7th Cir. 2008) ("A state litigant seeking review of a state court judgment must follow the appellate process through the state court system and then directly to the United States Supreme Court."). Accordingly, *Rooker-Feldman* bars (1) claims that "directly seek to set aside a state-court judgment;" and (2) "claims that were not raised in state court, or that do not on their face require review of a state court's decision," but are "closely enough related to a state-court judgment." *Mains*, 852 F.3d at 675. To determine whether *Rooker-Feldman* applies, the Court must "ask whether the federal plaintiff is alleging that his injury was caused by the state-court judgment." *Id.* If so, the plaintiff's claim is barred. *Id.* If "the claim alleges an injury independent of the state-court judgment that the state court failed to remedy, *Rooker-Feldman* does not apply." *Id.*

Applying these principles, the Court concludes that Plaintiff's claims are barred by *Rooker-Feldman*. This case bears a striking resemblance to three cases from the U.S. Court of Appeals for the Seventh Circuit where *Rooker-Feldman* was found to bar the plaintiff's FDCPA claims. *See Mains*, 852 F.3d at 669-79; *Harold v. Steel*, 773 F.3d 884, 885-87 (7th Cir. 2014); *Kelley*, 548 F.3d at 601-07. The Court considers each in turn.

In *Mains*, the plaintiff brought FDCPA claims in federal court following a state-court foreclosure action. 852 F.3d at 674. The Seventh Circuit stated that the "foundation" of plaintiff's federal suit was "his allegation that the state court's foreclosure judgment was in error because it rested on a fraud perpetrated by the defendants." *Id.* at 676. The court found that the debt the federal defendants had tried to collect was authorized by the state-court judgment, and plaintiff's request that the federal court redress the fraud allegedly perpetrated in the state-court judgment was "precisely what *Rooker-Feldman* prohibits[.]" *Id.* at 676. The court observed, "If

6

we were to delve into the question whether fraud tainted the state court's judgment, the only relief we could give would be to vacate that judgment." *Id.* In other words, "The state court determined the amounts due and Plaintiff's obligation to pay them, and a lower federal court is not empowered to second-guess that decision." *Id.* at 677. Because the plaintiff's claims were "dependent upon and interwoven with the state-court litigation," *Rooker-Feldman* applied. *Id.*

Similarly, in *Harold*, the plaintiff filed his FDCPA claims in federal court following a small-claims judgment entered against him in state court. 773 F.3d at 885. The plaintiff insisted that *Rooker-Feldman* did not apply because it was the defendants' false statements, rather than the state court's decision, that inflicted his injuries. *Id.* at 886. The court held, however, that the plaintiff's FDCPA claims were premised on "representations that concern the merits" of the state court action. *Id.* The court observed, "If [the plaintiff] were to prevail . . . federal courts could award damages every time a litigant in state court used an improper procedure or considered evidence that a federal judge does not think trustworthy," which would "collapse the distinction between civil and criminal cases" and "greatly increase the already high cost of civil litigation." *Id.* at 887. Thus, the court concluded that the federal suit was barred by *Rooker-Feldman*. *Id.*

Finally, in *Kelley*, a debt collector obtained state-court judgments against each of the plaintiffs for unpaid medical bills plus attorneys' fees. 548 F.3d at 601. The plaintiffs brought FDCPA claims in federal court alleging that the debt collector made false misrepresentations regarding their entitlement to attorneys' fees in the state court action. *Id.* The Seventh Circuit held that "[b]ecause defendants needed to prevail in state court in order to capitalize on the alleged fraud, the FDCPA claims that plaintiffs bring ultimately require us to evaluate the state court judgments." *Id.* at 605. The court further held that it "could not determine that defendants' representations and requests related to attorney fees violated the law without determining that the

7

state court erred by issuing judgments granting the attorney fees." *Id.* Thus, *Rooker-Feldman* barred the plaintiffs' claims. *Id.*

Applying these cases, the Court concludes that Plaintiff's claims are barred by *Rooker-Feldman*. Although Plaintiff does not expressly ask the Court to set aside the default judgment entered by the state court, her claims are "dependent upon and interwoven with" the merits of the state court action. *Mains*, 852 F.3d at 677. Plaintiff claims in this lawsuit that she "does not owe money to Maroon Financial C, nor to Maroon Financial Credit Union." (R. 1, Compl. ¶¶ 19, 20.) However, the state court has already reviewed the evidence and determined that the entity listed in the summons and complaint *was* entitled to the debt owed by Plaintiff, as well as the other fees awarded. (*See* R. 13, Mot., Ex. B.) This Court has no authority to review the state court's judgment, either explicitly or implicitly. *See Mains*, 852 F.3d at 676. Therefore, *Rooker-Feldman* applies.[3] Accordingly, this action must be dismissed for lack of subject-matter jurisdiction. *See Mains*, 852 F.3d at 678 ("The right disposition, when the *Rooker-Feldman* doctrine applies, is an

---

[3] Plaintiff relies heavily on *Oberg v. Blatt*, No. 14 C 7369, 2015 WL 9478213 (N.D. Ill. Dec. 29, 2015), to prevent dismissal, but that case did not address *Rooker-Feldman* and instead addressed whether the plaintiff presented an actionable claim under the FDCPA—an issue this Court does not reach. (*See* R. 27, Resp. at 7-8.) The Court is cognizant, as Plaintiff points out, that the Seventh Circuit recently held that actions taken by debt collectors in the context of state court litigation may be actionable under the FDCPA. *See Marquez v. Weinstein, Pinson & Riley*, 836 F.3d 808, 810 (7th Cir. 2016). But that case did not address *Rooker-Feldman*, nor did it otherwise undercut the many Seventh Circuit cases holding that FDCPA plaintiffs cannot assert claims or seek relief that runs afoul of the *Rooker-Feldman* bar. *See Mains v. Citibank, N.A.*, 852 F.3d 669, 675 (7th Cir. 2017); *Harold*, 773 F.3d at 885; *Kelley v. Med-1 Sols., LLC*, 548 F.3d 600, 603 (7th Cir. 2008).

8

order . . . dismissing the suit for lack of subject-matter jurisdiction." (citation and alteration omitted)).

## II. *Res Judicata*

In the event *Rooker-Feldman* does not apply, the Court considers Defendant's related argument that Plaintiff's claims are also barred by *res judicata*.[4] *See generally Squires-Cannon v. Forest Pres. Dist. of Cook Cty.*, 897 F.3d 797, 804 n.4 (7th Cir. 2018); *see also Orlando Res. Ltd. v. GP Credit Co.*, No. 04-C-439, 2007 WL 4305536 (E.D. Wis. Dec. 7, 2007) ("The distinction between *Rooker-Feldman* and *res judicata* is a fine one, so the Court is well-advised to discuss both doctrines." (internal citation omitted)). Notably, Plaintiff has failed to respond to Defendant's *res judicata* argument.[5] (*See* R. 27, Resp.; *see also* R. 28, Def.'s Reply at 6-7.) Dismissal would be warranted on that reason alone. *See Haley v. Kolbe & Kolbe Millwork Co.*, 863 F.3d 600, 611-15 (7th Cir. 2017) (holding that arguments are forfeited where party fails to develop argument on a particular issue); *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) ("[J]udges are busy people. If they are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning."). In any event, the Court agrees with Defendant that *res judicata* bars this lawsuit.

---

[4] *Res judicata* is an affirmative defense normally resolved at a later stage of the litigation, but "when a defendant raises res judicata as a defense and it is clear from the complaint's face, and matters of which the district court may take judicial notice, that the plaintiff's claims are barred as a matter of law, dismissal under Rule 12(b)(6) is proper." *Clark & Leland Condo., L.L.C. v. Northside Cmty. Bank*, 110 F. Supp. 3d 866, 868-69 (N.D. Ill. 2015) (alterations omitted). Here the Court's analysis of Defendant's *res judicata* argument is based solely on Plaintiff's complaint and the state court judgment, which is a matter subject to judicial notice. *See in the Matter of Lisse*, 2018 WL 4655838, at *1.

[5] Plaintiff states in the introduction section of her response that it "will be shown Plaintiff's claim is not barred by *res judicata*." (R. 27, Resp. at 1.) However, Plaintiff never actually responds to Defendant's *res judicata* argument. (*See id.* at 1-12.)

9

Under Illinois law, *res judicata* blocks a second lawsuit if three requirements are met: "(1) there was a final judgment on the merits rendered by a court of competent jurisdiction, (2) there is an identity of cause of action, and (3) there is an identity of parties or their privies."[6] *Baek v. Clausen*, 886 F.3d 652, 659 (7th Cir. 2018) (citation omitted). "Illinois courts interpret 'identity of cause of action' broadly such that separate claims will be considered the same cause of action for purposes of *res judicata* if they arise from a single group of operative facts, regardless of whether they assert different theories of relief." *Id.* (citation and internal quotation marks omitted). "The bar to subsequent litigation extends to what was actually decided in the first action, as well as those matters that could have been decided in that suit." *Id.* (citation and internal quotation marks omitted). Additionally, "the doctrine bars claims based on facts that would have constituted a counterclaim or defense in the earlier proceeding where successful prosecution of the later action would either nullify the earlier judgment or impair the rights established in the earlier action." *Id.* (citation omitted).

The Court concludes that all three elements are satisfied here. The first element is satisfied because under Illinois law, "a default judgment is considered a final judgment on the merits for *res judicata* purposes." *Buford v. Palisades Collection, LLC*, 552 F. Supp. 2d 800, 807 (N.D. Ill. 2008); *see also Schlangen v. Resolution Tr. Corp.*, 934 F.2d 143, 146 (7th Cir. 1991) (concluding that default judgments rendered by Illinois courts "were final and on the merits" under Illinois law).

The second element is met because Plaintiff's FDCPA claims involve the same operative facts as the state lawsuit—the debt allegedly owed by Plaintiff to Maroon Financial Credit Union

---

[6] Because the earlier judgment was entered by an Illinois court, Illinois law applies to determine whether *res judicata* bars this lawsuit. *Baek v. Clausen*, 886 F.3d 652, 660 (7th Cir. 2018).

and Defendant's efforts to collect on that debt. *Baek*, 886 F.3d at 659. As stated above, Plaintiff did not appear in the state court action, and she therefore failed to raise any counterclaims or defenses related to the validity of the debt or to Defendant's debt collection efforts under the FDCPA. There was nothing preventing her from doing so, as the FDCPA expressly provides that a claim under the statute "may be brought in any appropriate United States district court . . . or in any other court of competent jurisdiction[.]" 15 U.S.C. § 1692k(d); *see also Placek v. U.S. Bank, Nat'l Ass'n*, No. 17-CV-02415, 2018 WL 1397428, at *6 (N.D. Ill. Mar. 20, 2018) (observing that "the FDCPA provides for concurrent jurisdiction in state court"). Illinois courts routinely decide FDCPA claims, including when they are raised as counterclaims in collection actions.[7] *See Chez v. Downey*, Nos. 2-16-0542 & 2-16-0874, 2017 WL 2713076, at *3-5 (Ill. App. Ct. June 22, 2017) (considering merits of FDCPA counterclaim raised by defendant in small claims action), *appeal denied*, 89 N.E.3d 753 (Ill. 2017); *HBLC, Inc. v. Egan*, 50 N.E.3d 1185, 1186 (Ill. App. Ct. 2016) (concluding that defendant in debt-collection action adequately alleged counterclaim for violation of the FDCPA); *see also Ruffino v. Bank of Am., N.A.*, No. 13 C 50124, 2013 WL 5519456, at *4 (N.D. Ill. Oct. 3, 2013) (concluding that plaintiff's FDCPA claim was barred by res judicata because it could have been raised in state foreclosure proceeding).

Finally, the third element is satisfied because Plaintiff was the state court defendant and Defendant served as the attorney for the state court plaintiff such that there is an identity of the parties. *See Henry v. Farmer City State Bank*, 808 F.2d 1228, 1235 n. 6 (7th Cir. 1986) (holding

---

[7] Under Illinois law, "[w]hether counterclaims are permissive or mandatory is irrelevant to the scope of the preclusive effect of a final judgment." *Amari Co. v. Burgess*, 955 F. Supp. 2d 868, 879 (N.D. Ill. 2013) (citation omitted). Rather, Illinois applies a very broad rule that "any claim that could have been brought, *whether it had to be or not*, is barred by res judicata if the doctrine applies." *Id.* (emphasis added).

11

that *res judicata* barred claims against attorneys of bank even though the bank was the only actual party to state court mortgage foreclosure case giving rise to the claims); *Lihter v. Pierce*, No. 16 C 50080, 2016 WL 4771370, at *3 (N.D. Ill. Sept. 13, 2016) ("There is an identity of parties or their privies because plaintiffs were parties to the prior action and defendant was the attorney for a party and thus in privity for *res judicata* purposes.").

For these reasons, the Court concludes that this action is barred by the *Rooker-Feldman* doctrine. If *Rooker-Feldman* does not apply, the Court would find that Plaintiff's claims are barred by *res judicata*. Because Plaintiff's complaint fails on these threshold issues, the Court does not reach Defendant's alternative arguments that Plaintiff's allegations fail to state a claim for relief under the FDCPA. (*See* R. 28, Mot. at 11-16.)

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (R. 13) is GRANTED. This action is DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction.

ENTERED:

**Chief Judge Rubén Castillo**
**United States District Court**

Dated: October __, 2018

12